FILED

DEC 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN GALLAGHER, | No. 11-56469 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00886-AJB-WVG |
| v. | |
| SAN DIEGO UNIFIED PORT DISTRICT; DOES 1 through 20, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted June 4, 2013
Submission Withdrawn June 6, 2013
Resubmitted November 20, 2013
Pasadena, California

Before: THOMAS, SILVERMAN and FISHER, Circuit Judges.

John Gallagher appeals the decisions of the district court dismissing his

Contract Clause and tortious breach of contract claims and granting summary

judgment to the District on his retaliation claim under the Americans with

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Disabilities Act (ADA).  Reviewing de novo, we affirm in part, vacate in part and remand.

1.      The district court properly dismissed Gallagher's Contract Clause claim under Federal Rule of Civil Procedure 12(b)(6).  Under California law, the meaning of the November 2000 anchoring settlement is a question of law for the court to decide because it does not involve the credibility of extrinsic evidence.  *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 181 P.3d 142, 156 (Cal. 2008); *see also Garcia v. Truck Ins. Exch.*, 682 P.2d 1100, 1106 (Cal. 1984) (holding that, for purposes of contract interpretation, drawing reasonable inferences from uncontroverted evidence is for the court rather than the jury to decide).  The settlement required the District to provide Gallagher with an A-9 Anchorage permit subject to all regulations governing the A-8 Anchorage.  Gallagher's rights under the settlement were therefore subject to all current and future A-8 regulations, including the 2006 amendments to the A-8 regulations.  Thus, contrary to Gallagher's claim, the 2006 amendments did not impair his vested contractual rights under the settlement agreement.  The district court therefore properly dismissed this claim.

2.      The district court properly dismissed Gallagher's tortious breach of contract claim.  When the district court dismissed the second amended complaint,

it gave Gallagher leave to amend the complaint to address the deficiencies in the second amended complaint, but not to raise new claims. The district court did not abuse its discretion by imposing conditions on leave to amend or by refusing to allow Gallagher to amend his complaint to add new claims where Gallagher had already had several opportunities to perfect his claims. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint, . . . the district court's discretion to deny leave to amend is 'particularly broad.'" (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002))).

3.      The district court erred by granting summary judgment to the District on Gallagher's ADA retaliation claim. In August 2001, the District issued Gallagher an A-9 Anchorage permit providing for "No expiration date as long as vessel passes normal inspections." The District does not argue, and the record does not suggest, that Gallagher's vessel ever failed inspection. Nonetheless, when Gallagher sought permission to return his vessel to the water in 2007, the District refused to honor the 2001 permit or otherwise to provide Gallagher with anchoring rights, instead faulting Gallagher for failing to renew a second permit that, in Gallagher's view, should never have been required in the first place. The record makes clear, moreover, that the District's decision in 2007 not to honor the 2001

3

permit was made by the District's deputy attorney, who was aware of Gallagher's extensive and successful litigation against the District on behalf of individuals with disabilities. In light of these facts, Gallagher has made out a prima facie case of retaliation. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

Because Gallagher has established a prima facie case, the District was required to articulate a legitimate and non-retaliatory reason for refusing to honor the August 2001 permit. The District has done so. It says that it considered the August 2001 permit to be an implementation of the November 2000 settlement and the 2000 version of A-8 regulations, under which the permit would have been valid for six months and, having not been renewed by Gallagher, would have expired in February 2002.

Because the District has articulated a non-retaliatory reason for its actions, Gallagher has the burden of raising a genuine factual issue as to whether the District's proffered reason is a pretextual ruse to mask retaliatory action. Gallagher has satisfied this burden. Although the District's explanation for its actions is one plausible inference from the record, it is not the only reasonable inference. Of significance, the District's explanation runs counter to the express and unequivocal "no expiration date" language of the August 2001 permit. Furthermore, even if the District sincerely believed that the August 2001 permit

4

expired in 2002, the District's failure to take any responsibility for Gallagher's contrary understanding could be viewed by the trier of fact as evidence of ill motive.  A reasonable jury could find that a fair-minded District would have made some effort to accommodate Gallagher in 2007 (as, for example, by waiving the renewal deadline) in light of the District's responsibility for misleading Gallagher.  Gallagher has therefore presented sufficient evidence of pretext to survive summary judgment.  *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112-13 (9th Cir. 2011); *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003); *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007).

We recognize that there was a substantial gap in time between Gallagher's protected activity and the alleged retaliatory action.  *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001); *Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003).  Gallagher, however, had no contact with the District between 2001 and 2006, and, he asserts, no contact with high-ranking District officials between the end of his litigation and the 2007 decision to deny him anchoring rights.  When he did have contact with these officials in 2007, he was not treated in an accommodating manner.  Under these circumstances, the substantial gap in time between the protected activity and the adverse action is inadequate to negate an

inference of a causal link between the two. A reasonable jury could find a retaliatory motive notwithstanding the passage of time.

**4.** The district court did not err by dismissing Gallagher's third cause of action for injunctive relief. These accessibility-related claims were covered by the release in the August 2000 settlement agreement.

The district court's dismissal of Gallagher's Contract Clause, tortious breach of contract and injunctive relief claims is affirmed. The district court's entry of summary judgment in favor of the District on Gallagher's ADA retaliation claim is vacated. The case is remanded for further proceedings on Gallagher's ADA retaliation claim. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**