FISHER, Circuit Judge,
dissenting:
“To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse ... action; and (3) there was a causal link between the two.” Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 849 (9th Cir. 2004). The “standard for the ‘causal link’ is but-for causation.” T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 473 (9th Cir. 2015). “This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the [defendant].” Univ. of Texas Sw. Med. Ctr. v. Nassar, — U.S.-, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013).
In the majority’s view, Gallagher has not presented a triable issue on the third element of a prima facie case — a but-for causal link between his protected activity and the Port District’s refusal to honor his “no expiration date” anchoring permit. I respectfully disagree with this conclusion because it improperly applies the law of the case doctrine.
“Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case.” Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc). “We have recognized exceptions to the law of the case doctrine, however, where ‘(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.’ ” Id. (quoting Jeffries v. Wood, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)).
The exception for substantially different evidence does not apply here. The summary judgment record before us today, and before the district court on remand, is the same record as was before us when we decided Gallagher’s previous appeal. See Gallagher v. San Diego Unified Port Dist., 548 Fed.Appx. 377 (9th Cir. 2013) (Gallagher I).
The exception for an intervening change in the law does apply here, but only to a limited extent. When we issued Gallagher I, we applied a motivating factor standard to causation in ADA retaliation claims. In Nassar, however, the Supreme Court *788 adopted a but-for causation standard for retaliation claims under Title VII, see Nas-sar, 133 S.Ct. at 2533, and in T.B., we extended the but-for causation standard to ADA retaliation claims, see T.B., 806 F.3d at 473. T.B., which we decided after Gallagher I, constitutes an intervening change in the law for purposes of the law of the case doctrine. The effect of an intervening change in the law, however, is limited. It allows reconsideration of a previous decision in the same case only to the extent the previous decision is actually affected by the change in the law. See McKesson Corp. v. Islamic Republic of Iran, 52 F.3d 346, 350-51 (D.C. Cir.1995) (“Because this portion of our prior opinion is unaffected by [the intervening change in the law], it remains the law of the case, not subject to reconsideration in this second ... appeal”).
In Gallagher I, we decided two relevant issues. First, we held a reasonable jury could find the Port District had a retaliatory motive for refusing to honor Gallagher’s “no expiration date” anchoring permit. See Gallagher I, 548 FedAppx. at 381 (“A reasonable jury could finid a retaliatory motive.... ”). Second, we held a reasonable jury could find the Port District’s proffered non-retaliatory reason for its actions was pretextual — i.e., not worthy of belief. See id. at 380 (“Gallagher has ... presented sufficient evidence of pretext to survive summary judgment.”). The majority has not explained why these determinations are subject to reconsideration. Because they were not premised on the motivating factor standard, they are not affected by the change in the law, and thus are “not subject to reconsideration in this second ... appeal.” McKesson, 52 F.3d at 351.
Because these determinations remain the law of the case, we are bound to follow them here. See Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (“The law of the case doctrine holds that ‘a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case.’ ” (quoting Gonzalez, 677 F.3d at 389 n.4)). Doing so, I part company with the majority’s conclusion that Gallagher cannot establish a prima facie case of but-for causation. If a reasonable jury could find the Port District had a retaliatory motive for refusing to honor the “no expiration date” permit, and if it also could find the Port District’s proffered non-retaliatory reason for refusing to honor the permit was pretextual and hence false, then it necessarily and logically follows that a reasonable jury could find a retaliatory motive was the but-for cause of the Port District’s actions. A faithful application of the law of the case doctrine, therefore, requires vacatur of the district court’s grant of summary judgment.
Although not the chief reason for my dissent, I am also troubled by the majority’s decision to uphold the district court’s unprecedented expansion of the intervening change in the law exception. The district court concluded it was not bound by Gallagher I because Nassar — decided six months before Gallagher I — constituted an intervening change in the law. I am not aware of any authority extending the intervening change in the law exception to a non-intervening change in the law, só I cannot join the majority’s endorsement of the district court’s approach.